```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

| | | |
|---|---|---|
| THOMAS MONGAN, et al., | : | |
| | : | |
| Plaintiffs, | : | NO. 1:09-CV-00626 |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| ROBERT LYKINS, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment (doc. 24), to which no response was filed. For the following reasons, the Court GRANTS Plaintiffs' Motion (doc. 24).

**I. Background**

Plaintiffs and Defendants entered into several contracts related to a potential business venture (doc. 1). The business venture did not materialize within the time frame decided upon, and, among other things, Plaintiffs claim Defendants have breached the contracts (Id.). Specifically, Plaintiff Mongan provided capital to Defendants and, in exchange, Defendant Lykins gave Plaintiff Mongan a security interest in all shares of common voting stock in Defendant Productive Concepts, Inc. and a subordinated note in the amount of $160,000, plus annual interest of 10 percent (Id.). Plaintiffs Mongan and Fingerman subsequently provided

additional capital to Defendants, in exchange for which they were given a subordinated note in the amount of $340,000, plus annual interest of 10 percent (Id.).  The terms of the notes at issue provided in relevant part that the entire outstanding principal balance of the notes, as well as all accrued but unpaid interest, would be due and payable if the parties failed to enter into the contemplated joint venture agreement within the applicable time frame (Id.).  The parties never entered into a joint venture agreement, and Defendants have not paid Plaintiffs any amounts outstanding on the notes (Id.).  In addition, the terms of the stock pledge agreement regarding the shares of common voting stock in Defendant Productive Concepts, Inc., provided in relevant part that Defendant Lykins was to place all of the shares at issue in escrow with Attorneys Abstract Title Agency, Inc. (Id.).  The agreement further provided that Plaintiff Mongan would be entitled to ownership of the stock at issue should Defendants default on the $160,000 note (Id.).  Defendant Lykins did not place the shares in escrow and, although Defendants defaulted on the notes, Defendant Lykins has not relinquished the shares (Id.).

      Plaintiffs commenced this diversity action on August 26, 2009, alleging (i) breach of contract, (ii) unjust enrichment, (iii) estoppel, and (iv) fraudulent inducement and seeking (v) a declaratory judgment and (vi) a permanent injunction (Id.).  On April 1, 2010, Plaintiffs filed the instant motion, seeking summary

judgment on the breach of contract count, declaratory judgment in their favor with respect to the ownership of the stock, and a permanent injunction regarding Defendant Lykins' sale of all or any of the Productive Concepts stock (doc. 24). The motion is unopposed and the matter ripe for the Court's consideration.

**II. Analysis**

**A. The Summary Judgment Standard**

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Fatton v. Bearden, 8 F.3d. 343, 346 (6th Cir. 1993), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242 251-252 (1986) (internal quotation marks omitted).

The process of moving for and evaluating a motion for

summary judgment and the respective burdens it imposes upon the movant and non-movant are well settled.  First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact [.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378;  Garino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1982); Street v. J.C.D. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).  The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Shaeffer & Ebeling Co. L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

     Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex, 477 U.S. at 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-248 (emphasis added);

see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-340 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) (internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co.

v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962).  Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion.  See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute.  See Matsushita, 475 U.S. at 587.  The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the court to demonstrate that summary judgment is appropriate.  See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991).

When, as here, the motion is unopposed, the Court "must review carefully those portions of the submitted evidence designated by the moving party."  Guarino, 980 F.2d at 410.  The Court will not, however, "sua sponte comb the record" from Defendants' perspective.  Id.  Instead, the Court may reasonably rely on Plaintiffs' "unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'"  Id.  If such evidence supports a conclusion that there is no genuine issue of material fact, the Court should determine that Plaintiffs have carried their burden, and "judgment [ ] shall be rendered forthwith...." Id., quoting Fed.R.Civ.P.

-6-

56(c).

**B. Discussion**

    **1. Breach of Contract**

In order to prevail on a breach of contract claim under Ohio law, Plaintiffs must prove "a promise, or a set of promises, actionable on breach." Jasar Recycling, Inc. v. Major Max Management Corp., 2010 WL 395212, *5 (N.D. Ohio 2010), citing Kostelnik v. Helper, 96 Ohio St.3d 1, 770 N.E.2d 58 (2002)). The pleadings clearly show that Defendants made a set of promises to Plaintiffs and that they failed to fulfill those promises (docs. 1, 12). Under the terms of the contracts among the parties, if the joint venture did not materialize as contemplated, Defendants would repay Plaintiffs' investment, with interest and, upon default on the notes, Plaintiff Mongan would be entitled to the shares of Productive Concepts, Inc. The record before the Court shows that the joint venture did not happen, Defendants have not paid on the notes, and Defendant Lykins has not relinquished the shares. Plaintiffs have therefore met the burden imposed by Rule 56: they have shown there is no genuine issue as to any material fact. See Guarino, 980 F.2d at 410. Defendants have offered no evidence to refute the record or otherwise show that a genuine issue of fact exists with respect to whether a set of promises was made and whether Defendants breached those promises. Even viewing the facts in the light most favorable to Defendants, the Court easily reaches

the conclusion that summary judgment is appropriate on Plaintiffs' breach of contract claim. See Guarino, 980 F.2d at 410.

### 2. Declaratory Judgment

Plaintiff Mongan seeks a declaratory judgment that he is the sole owner of all 211 shares of common voting stock in Productive Concepts, Inc. (docs. 1, 24). Under Ohio law, "any person interested under a...written contract...may have determined any question of construction or validity arising under the...contract...and obtain a declaration of rights, status, or other legal relations under it." Ohio Rev. Code §2721.03. Such a declaration may be issued either before or after a breach of the contract. Ohio Rev. Code §2721.04.

Here, Plaintiffs have provided the Court with evidence that Defendant Lykins gave Plaintiff Mongan a security interest in all 221 shares of the common voting stock of Productive Concepts, Inc. (docs. 1, 12). This interest was given to secure the repayment of the loan given by Plaintiff Mongan to Defendants, and pursuant to the terms of the stock pledge agreement, Defendant Lykins was to place the shares in escrow and Plaintiff Mongan was to become sole owner of those shares should Defendants default on the repayment of the loan (Id.). The record is clear and undisputed that Defendants have defaulted on the loan. Therefore, Plaintiff Mongan's rights under the stock pledge agreement have been triggered. Absent any evidence to the contrary showing a

genuine issue as to any material fact regarding Defendant Lykins' obligations under the stock pledge agreement or Plaintiff Mongan's rights thereunder, the Court concludes that, as a matter of law, Plaintiff Mongan is the sole owner of all 211 shares of common voting stock in Productive Concepts, Inc.

### 3. Permanent Injunction

Finally, Plaintiff seeks a permanent injunction on the sale by Defendant Lykins of all or part of Productive Concepts, Inc. (docs. 1, 24). The Court, therefore, must consider (i) whether Plaintiff Mongan has succeeded on the merits, (ii) whether an injunction will protect Plaintiff Mongan from irreparable harm, (iii) whether equity tips in Plaintiff Mongan's favor, and (iv) whether the public interest would be served by an injunction. See, e.g., Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008). The Court concluded above that Plaintiff Mongan, pursuant to the agreements between the parties, is the lawful owner of the stock at issue, which conclusion has determined the legal rights of the parties with respect to the stock. Certainly, if Defendant Lykins were to sell the shares, which he no longer owns, Plaintiff Mongan would suffer harm. The Court is particularly concerned that Defendant Lykins did not transfer the shares to escrow as he agreed to do and has not relinquished the shares to Plaintiff Mongan despite multiple requests. These actions serve to support Plaintiff Mongan's concern that Defendant Lykins may try to

sell Plaintiff Mongan's shares to a third party. Although a permanent injunction is an atypical remedy under these circumstances, equity supports the imposition of an injunction, and an injunction would serve to protect potential buyers who would otherwise likely find themselves embroiled in litigation regarding the ownership of the stock. The Court therefore is persuaded that, under these circumstances, a permanent injunction on the sale by Defendant Lykins of any of the shares of common voting stock in Productive Concepts, Inc. is appropriate.

**III. Conclusion**

Having reviewed this matter, the Court finds no genuine issue of material fact with respect to whether Defendants breached their contracts with Plaintiffs and therefore concludes that Plaintiffs are entitled to judgment as a matter of law on their breach of contract claim. In addition, the Court DECLARES that, as a matter of law, Plaintiff Mongan is the sole owner of all 211 shares of common voting stock in Productive Concepts, Inc. Further, the Court ENJOINS Defendant Lykins from selling any of the shares of common voting stock in Productive Concepts, Inc. Finally, the Court ORDERS Defendant Lykins to relinquish all shares of common voting stock in Productive Concepts, Inc. to Plaintiff Mongan immediately.

Accordingly, the Court GRANTS Plaintiffs' Motion for Partial Summary Judgment (doc. 24) for breach of contract,

declaratory judgment, and permanent injunction claims, as no disputed issues of material facts exist.

    SO ORDERED.

Dated: July 20, 2010        <u>/s/ S. Arthur Spiegel</u>
                                  S. Arthur Spiegel
                                  United States Senior District Judge